Burnerdean YOUNG, Appellant,

v.

UNITED STATES of America, Appellee.

No. 19272.

United States Court of Appeals Ninth Circuit.

March 2, 1966.

Allan M. Berland, San Francisco, Cal., for appellant.

Manuel L. Real, U. S. Atty., John K. Van de Kamp, Asst. U. S. Atty., Chief, Criminal Div., J. Brin Schulman, Asst. U. S. Atty., Asst. Chief, Criminal Div., Mark L. Dees, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before HAMLIN, MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge.

This appeal is taken from judgment of conviction of robbery of a Los Angeles savings and loan association. 18 U.S.C., § 2113(a).[1]

■ 1. It is contended that the trial judge, in his charge to the jury, in effect took from the jury the issue of intimidation. The testimony of three tellers, confronted by appellant in the course of the robbery, was to the effect that appellant had a gun but that it was held at his side pointed down and was not pointed at them. The court charged the jury:

"There may be a question whether or not the taking was by intimidation. But in my opinion there is sufficient evidence to sustain a finding it was by intimidation. The real issue in this case, as I see it, is the identity of the two persons who went into the

building and loan association on May 14."

Thereafter the court continued to lay emphasis upon the "real issue."

In our judgment this was permissible comment, subject to which the issue of intimidation was clearly given to the jury. We find no error.

■ 2. The indictment charged both intimidation and force and violence. Appellant asserts that there was no evidence of force or violence, and that the issue was not even presented to the jury in the court's instructions. He contends that the Government has the burden of proving every element charged in the indictment.

■ The Government contends that display of a pistol is itself sufficient to constitute force and violence. This we need not decide. Here, the statute itself, 18 U.S.C., § 2113(a), makes clear that a showing of *either* force and violence *or* intimidation is sufficient for conviction. When the crime is defined disjunctively in the statute but is charged conjunctively in the indictment the proof of one of the allegations will sustain a conviction. Arellanes v. United States, 302 F.2d 603, 609 (9th Cir. 1962), cert. denied 371 U.S. 930, 83 S.Ct. 294, 9 L.Ed.2d 238 (1962); Turf Center, Inc. v. United States, 325 F.2d 793 (9th Cir. 1963).

3. Appellant asserts that such pleading in the conjunctive prejudicially led him to believe that the Government had assumed the burden of proving all alternatives. We find no merit here.

■ 4. At the trial appellant sought to invoke the exclusionary rule whereby all witnesses are excluded from the court-

[1] 18 U.S.C., § 2113(a):

"Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, or any savings and loan association; or

Whoever enters or attempts to enter any bank, or any savings and loan association, or any building used in whole

or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—

Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both."

room, save when testifying. He assigns as error the denial of his motion in this respect. This lay within the discretion of the trial court. Williamson v. United States, 310 F.2d 192 (9th Cir. 1962). We find no basis for concluding that there was an abuse of discretion.

■ 5. Over appellant's objection on the ground of irrelevance the District Court admitted testimony of an FBI agent as to conversations had with the appellant relating to his whereabouts on the day of the crime and the purchase of an automobile after the date of the crime. Subsequent testimony established that the statements made by appellant in reference to these matters were false. Testimony as to the conversations was thus rendered relevant to the issue of guilt as dealing with false exculpatory statements.

On appeal appellant's attack is directed to the ground asserted by the court for overruling the objection.[2] Whatever ground may have been relied on by the court, however, admission was not error.

■ Appellant also contends that false exculpatory statements, even if relevant, are incompetent as hearsay. This was not the basis for the objection made at trial, but in any event we cannot agree.

There is disagreement as to whether acts which rationally give rise to an inference of a belief on the part of the actor and thus "speak" his mind are hearsay statements.[3] Assuming arguendo that they are and that the making of false exculpatory statements can be classed as such an act, still, such "speaking" falls within the admissions exception to the hearsay rule and is not rendered inadmissible by virtue of its hearsay character. McCormick, Evidence, § 248 (1954); IV Wigmore, Evidence, § 1060a (3d ed. 1940).

■ 6. Over appellant's objection on the ground of irrelevance the court admitted evidence of money spent and paid by appellant after the date of the robbery. Appellant here contends that the unexplained possession of money after a robbery is inadmissible unless such amounts are unusually large, are acquired shortly after the robbery and the defendant was impecunious prior thereto. Appellant contends that the necessary foundation was not laid.

We cannot agree. The precarious state of appellant's employment and finances was established. The evidence was of expenditure of $611.50 out of a probable $3,000 share in the proceeds of the robbery. In our judgment this was a sufficient relationship.

■ 7. Appellant asserts as error the refusal of the trial court to strike testimony of a witness given on redirect examination which was beyond the scope of cross-examination. This lay within the judge's discretion in fulfilling his duty to maintain an orderly procedure in the presentation of evidence.

We find no merit in the remaining assignments of error.

Affirmed.

2. The court ruled that the evidence might go to the credibility of the appellant should he choose to take the stand. Appellant protests that this forced him to take the stand and thus to disclose his prior criminal record. Having taken the stand, however, he neither denied having made the statements to which the Government witness had testified nor attempted to explain their falseness.

3. The majority of cases regard the "speaking" attributable to such acts as hearsay. 2 Wigmore, Evidence, § 267 (3d ed. 1940). Professor McCormick and the American Law Institute prefer the minority view which only regards such acts as hearsay if there was an intent on the part of the actor to communicate the subjective belief or thought by the acts in question. McCormick, Evidence, § 229 at 478 (1954); Model Code of Evidence, rule 501(1) (1942).