Melvin Andre **TAYLOR**, aka **James A. Barker**, aka **James Tate**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 21283.

United States Court of Appeals
Ninth Circuit.

Dec. 19, 1967.

Murray B. Guterson (argued), Seattle, Wash., for appellant.

Eugene Cushing, U. S. Atty., Jerald E. Olson, Asst. U. S. Atty. (argued), Seattle, Wash., for appellee.

Before MADDEN, Judge of the Court of Claims, and HAMLEY and MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

This case presents the question whether it was an abuse of discretion for the District Court to refuse to permit appellant to call as a witness one who had, in violation of the judge's order of exclusion, been present in court while other witnesses were testifying.

Appellant was tried in the District Court for the Western District of Washington on a charge of violating the Mann Act, 18 U.S.C. § 2421, by transporting a young woman from Eureka, California, to Seattle, Washington, for purposes of prostitution.

At the commencement of trial the Government moved for an order excluding all witnesses from the courtroom during trial, with the exception of an FBI agent. There was no objection. The motion was granted and witnesses were instructed as to the order. The court advised counsel that it did not intend to police the order but would leave that responsibility to them.

The Government called as its first witness the young woman who was the alleged victim of the interstate transportation. On both direct and cross-examination, asserting her Fifth Amendment privilege to be free from self-incrimination, she refused to answer substantially all questions put to her. At the conclusion of this fruitless attempt to elicit testimony, the Government requested that the witness be instructed to remain in the courtroom so that she could be identified by subsequent Government witnesses. The court accordingly refrained from excusing her and her own attorney, who had been present during her examination, advised her to comply with the Government's request. She remained in court throughout the Govenment's presentation of its case in chief.

On the second day of trial, after the Government had concluded its case, appellant's counsel asked leave of court to recall the young woman to the witness stand, stating: "I realize that she has been in the courtroom a good part of the day yesterday." On inquiry by the court the Government interposed the objection that the calling of the witness was in violation of the court's sequestration order. The court then denied leave to call her. Appellant's counsel, after consulting with the young woman, then made an offer to proof to the effect that the witness, if allowed to testify, would state that the purpose of the interstate trip was not for prostitution but to enable appellant to enter the barbering business in Seattle and that she had accompanied him with the understanding that they would be married. The Government made a counter offer that it would rebut such testimony with a witness to prior contradictory statements made by the young woman.

Appellant called no further witnesses. The case was submitted to the jury. Appellant was found guilty and given a sentence of three-and-one-half years imprisonment from which he now appeals.

The exclusion of witnesses from the courtroom during trial is a time-honored practice designed to prevent the shaping of testimony by hearing what other witnesses say. Charles v. United States, 215 F.2d 825, 827 (9th Cir. 1954); 6 Wigmore, Evidence § 1837–39 (3d Ed. 1940). The decision to sequester or not is within the court's discretionary power and is reviewable only for abuse. Young v. United States, 358 F.2d 429 (9th Cir. 1966); Williamson v. United States, 310 F.2d 192 (9th Cir. 1962).

This court has held that permitting a witness to testify notwithstanding his disregard of the court's order of sequestration is not error, but is within the court's discretion. Spindler v. United States, 336 F.2d 678 (9th Cir. 1964), cert. denied sub nom. Richard v. United States, 380 U.S. 909, 85 S.Ct. 894, 13 L.Ed.2d 797 (1965); Coates v. United States, 59 F.2d 173 (9th Cir. 1932). Such is the general rule following Holder v. United States, 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010 (1893), where it is stated:

"If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court."

The Supreme Court there upheld the trial court's admission of testimony from a disobedient witness and had no occasion to spell out the "particular circumstances" which would support a refusal to permit the witness to testify, nor has it done so in any subsequent case.

Since the purpose of the order is to gain assurance of credibility and its violation is a legitimate subject of comment in this respect, it seems proper that unless the violation has somehow so discredited the witness as to render his testimony incredible as a matter of law he should not be disqualified from testifying. Since a refusal to permit him to testify penalizes the litigant rather than the disobedient witness himself, it would seem that the "special circumstances" justifying such refusal should be such as tend to make the litigant a party to and justly subject to sanction for the witness's disobedience.

Such was the holding in United States v. Schaefer, 299 F.2d 625, 631, 14 A.L.R. 3d 1 (7th Cir.), cert. denied, 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962), where it was stated:

"There are decisions which hold that it is within the trial court's discretion to allow a witness who has disobeyed the rule to testify * * * It may be reasoned logically that the discretion cuts both ways. However, we interpret Holder to mean the court may not disqualify the witness merely because he disobeys the rule but that this alternative is available if particular circumstances are shown. From the better reasoned state court decisions we interpret these particular circumstances to mean some indication the witness was in court with 'the consent, connivance, procurement or knowledge of the appellant or his counsel.' * * * Sequestration of witnesses is a great aid in eliciting the truth, but disqualification of the offending witness absent particular circumstances is too harsh a penalty on the innocent litigant. Accordingly, we hold it was error to exclude the witness from the stand."

We note that here there was no intentional disobedience. The witness was present at the Government's request. Although appellant should have objected to this request, had he expected to recall her to the stand, there is nothing in the record to indicate that appellant had any reason, during the first day of trial, to suppose that the witness would retract from her assertion of her Fifth Amendment privilege, or that there would be occasion to call her as a witness. Certainly there is nothing from which one might infer that appellant or his counsel sought to profit by the witness's presence in court.

We conclude that circumstances here did not justify imposing on appellant the responsibility for an apparently unwitting violation of the court's sequestration order, and that refusal to permit the calling of the witness constituted abuse of discretion.[1] Without prejudice to the appellant, such error is not ground for reversal. United States v. Schaefer, supra, at 631–632. But there can be no doubt as to the prejudicial character of such action in the instant case. The testimony offered went to the purpose of the interstate trip—the very heart of the issue of guilt.

Remanded for new trial.

1. It is difficult in this case to be certain whether the trial judge did in fact exercise discretion or whether he felt himself bound, once the rule of exclusion had been violated, to prevent the witness from testifying. He said to appellant's counsel:

"But I don't see how I can over the government's objection permit you to call her as a witness even assuming she would testify. The rule of exclusion was invoked and she sat in the courtroom all day yesterday and she refused to testify. So I will deny your request."

A failure to exercise discretion in such matters is error. Cf. Charles v. United States, 215 F.2d 825, 828 (9th Cir. 1954).