**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ray Gene McGUIRE, Defendant-
Appellant.**

**No. 28207**

**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

Nov. 20, 1970.

Brian Stone, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Robert L. Smith, J. Owen Forrester, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

\* ▇ Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York, et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant was indicted on two counts charging that wilfully and knowingly and with intent to defraud he passed counterfeit money in violation of 18 U.S.C. § 472. He was convicted on Count One, charging passing a bill at Teague's Dress Shop in Calhoun, Georgia, and acquitted on Count Two, charging a similar offense on the same day in the same town at Pate's Department Store.

 Appellant contends the District Court erred in admitting the testimony of the cashier at Pate's of a conversation by telephone with a person from a third store in the same town, on the same day, to the effect that the third store had found counterfeit money in its register. Appellant acknowledges the testimony comes within an exception to the hearsay rule but contends it was irrelevant. Appellant was acquitted on the charge arising from the transaction at Pate's, but, in any event, the testimony was relevant as tending to show how the cashier at Pate's came to examine the money in her cash register and discover that some of it was counterfeit.

The government proved without objection that the appellant had never made restitution to either store and argued without objection, on the issue of intent, that a person in the position of appellant—apprehended in the vicinity of the two stores and shortly after making purchases with the bills in question—would, if he had no wrongful knowledge or intent, claim that he had made a mere mistake and offer to return the merchandise purchased and the change he had received, and that appellant had made no such claim or offers. It was only after the prosecutor left the subject in his argument and returned to it later with a generalized statement that the appellant had failed to offer any restitution was there an objection. Under these circumstances, overruling the objection was not reversible error.

There was no error in the denial of a motion for mistrial, made after the jury had begun its deliberations, and based on a statement by defense counsel that a witness had told him that other witnesses were talking to each other about the case. The matter was within the discretion of the trial court, Taylor v. United States, 388 F.2d 786 (9th Cir. 1967), and no abuse is shown.

We deem it unnecessary to discuss other points.

Affirmed.