SANDERS, Chief Justice.
Defendants, Carlton Albert Stowell, James M. Garsee, and Lynn Tharp, were charged with and convicted of the theft of five cows, a violation of LSA-R.S. 14:67. After trial by jury, each of the defendants was sentenced to serve two years in the custody of the Louisiana Department of Corrections.
Defendants allege on appeal that the district court erred in overruling their Motion for a New Trial on the grounds that: (1) “in the Motion for a New Trial set out in Paragraph II A, wherein it was alleged that, as a matter of law, there was no evidence and no proof whatsoever of an essential element of the crime necessary to support a conviction of defendant, to-wit: that these defendants, or any of them, had *662 anything to do with or participated in any manner in the commission of the crime charged, pointing out wherein the proof was completely lacking in this respect as a matter of law”; and (2) “in Paragraph II B, where in it was alleged that the evidence presented by the State on the trial of this case, consisting entirely and only of circum- ■ stantial evidence, did not exclude every reasonable hypothesis of innocence of the defendants, as required by R.S. 15:438.”
We have repeatedly held that this Court should sustain a motion for a new trial on an evidentiary basis only when there is a total lack of evidence to prove the crime or an essential element of it. See State v. Williams, La., 310 So.2d 513 (1975); State v. Collins, La., 306 So.2d 662 (1975); State v. Cade, 244 La. 534, 153 So.2d 382 (1963).
In the present case, the trial judge summarized the evidence as follows:
“ * * * [T]he evidence presented by ■the State, though mostly circumstantial, if considered by itself, would support the verdict that was rendered. That evidence consists of: (1) the property loan receipt of Mr. Garsee found at the scene of the crime; (2) the evidence of Mr. Anders, that Mr. Garsee was removed from the Richland hunting club, and that he threatened to get even, which provides motive; (3) the testimony of Tommy Kelly, that the three defendants left the bar that Sunday night together, about or after midnight, and that the next morning he saw chunks of raw meat at his mother-in-law’s house, where two of the defendants spent the night, and that he helped dispose of the meat; (4) the testimony of Linda Kelly, which corroborates that of Tommy Kelly; and (5) the testimony of Douglas Takewell to the effect that he saw fresh meat at this same house that Monday morning. That one or more of the defendants stated that they had killed a cow, and that he saw some blood spots in Tharp’s car.
“The defendant’s witnesses contradict most of the State’s evidence, so it comes down to a question of who is to be believed. If the State’s witnesses are to be believed there is enough evidence to convict, though perhaps barely. If the Defense witnesses are believed then a doubt is raised. The Court has no supernatural power to determine what witnesses, are telling the truth any more than a jury has. Apparently, the jury in this case accepted the testimony of the State’s witnesses, and rejected that of the defendant’s witnesses, and while my conclusion may not have been the same as that of the jury, I cannot say that their evaluation of the evidence was wrong, and that they gave weight to the wrong evidence. And since I find that the State’s evidence by itself is sufficient for conviction without considering the credibility of the defense witnesses, let the motion for a new trial be denied.”
We have reviewed the record and conclude, as did the trial judge, that there is some evidence to support the jury’s verdict. Hence, the defense contentions are without merit.
For the reasons assigned, the convictions and sentences are affirmed.