384 So.2d 773 (1980)
STATE of Louisiana
v.
Oliver BOUTTE, Jr.
No. 66184.
Supreme Court of Louisiana.
May 19, 1980.
*774 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Kim Gandy, David Plavnicky, Asst. Dist. Attys., for plaintiff-appellee.
Michael M. Ogden, New Orleans, for defendant-appellant.
CALOGERO, Justice.[*]
Defendant was convicted in a bench trial of committing a lewd, lascivious, and sexually indecent act upon four-year-old Kareisha Butler. He was sentenced to three years' imprisonment in the parish prison. On appeal, defendant urges two assignments of error as grounds for reversal of his conviction and sentence.
Context Facts
The state presented evidence at trial to support the following account of defendant's actions:
While awaiting delivery of his paycheck at his 1515½ South White Street home, Henry Warrick was greeted by his neighbor, Oliver Boutte, defendant herein. Though Warrick and defendant had never previously spoken to one another, Warrick accepted Boutte's offer of a beer and an amicable conversation followed. At one point during the conversation, Warrick's four year old daughter, Kareisha, joined her father on defendant's porch, and then resumed playing with neighborhood children.
After Warrick left, defendant called Kareisha back up to his porch. When Kareisha *775 went to see what he wanted defendant forced her inside his house, remove her clothes, and laid on top of her. Defendant started rubbing Kareisha's genitals and sticking his tongue in her mouth, but got up when Kareisha refused to stop screaming. Defendant then allowed Kareisha to dress herself and pushed her out the door.
The victim, four year old Kareisha Butler, was not called to the stand as a witness at trial. Ophelia Butler, Kareisha's mother, testified as to what Kareisha told her when Kareisha came back to the house shortly after leaving, or being pushed out of, defendant's house. Ms. Butler stated that Kareisha was crying when she came home, that her clothes were on backwards, and that her legs were red from what appeared to be some sort of rubbing. Kareisha later pointed out the defendant's house and described her assailant as "the man that daddy was talking to earlier." The coroner's report, entered into evidence, showed no evidence of injury to the child at the time of the coroner's examination, which occurred four hours after the incident.
Assignment of Error No. 1
In this assignment defendant urges that there was a total lack of evidence to support his conviction of indecent behavior with a juvenile and that the state failed to introduce any evidence tending to prove that he had the specific intent to arouse or gratify his own or the victim's sexual desires, an essential element of the offense under R.S. 14:81. Defendant claims that all of the state's evidence was hearsay or circumstantial in nature and was insufficient to exclude every reasonable hypothesis of innocence, as required by R.S. 15:438.[1]
Defendant has not previously raised these contentions by motion for new trial or by motion for acquittal. This Court has previously denied review to a defendant who appeals a conviction on the grounds that the state failed to introduce any evidence to support a conviction or an essential element of the crime unless the defendant has preserved the issue by making a motion for a new trial on those grounds or asking by motion for an acquittal. Article 5, § 5, Louisiana Constitution, State v. Williams, 354 So.2d 152 (La.1978); State v. Tennant, 352 So.2d 629 (La.1977).
However, in State v. Peoples, 383 So.2d 1006 (La.1980), we recently held that it would be patently unfair and a denial of a defendant's due process rights to refuse to review a complaint that the state failed to present any evidence of the crime charged or an essential element thereof simply because he failed to file a motion for a new trial or filed such a motion and neglected to assert this contention therein.
This Court's traditional test in reviewing a defendant's contention that the state failed to prove the crime or an essential element of it is whether there is some evidence from which the trier of fact could reasonably conclude that beyond a reasonable doubt the accused had committed every element of the crime for which he was charged. State v. Stowell, 338 So.2d 661 (La.1976); State v. Williams, 323 So.2d 801 (La.1975). This Court has noted in State v. Mathews, 375 So.2d 1165 (La.1979); and State v. Abercrombie, 375 So.2d 1170 (La. 1979) that this standard has seemingly been broadened by the United States Supreme Court's decision in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In Jackson, supra, the Supreme Court rejected and overruled the previous "no-evidence" criterion for federal habeas review of state convictions (review was precluded where there was "some" evidence of the elements of the crime) and held that federal due process protects an accused against conviction except upon evidence that is sufficient fairly to support a conclusion that every element of the crime has been established beyond a reasonable doubt. 99 S.Ct. at 2786. The Supreme Court in Jackson set forth the following test as to whether the record evidence could reasonably support a finding of guilty beyond a reasonable doubt: "[T]he relevant question *776 is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." 99 S.Ct. at 2789.
We conclude that under either standard of review there was sufficient proof of defendant's guilt.[2] The victim's mother's testimony provided ample proof of defendant's specific intent to arouse his own sexual desires or those of the victim. Two of Kareisha's playmates furnished testimony which corroborated the testimony of the victim's mother. One of Kareisha's playmates saw Kareisha resisting defendant's efforts to pull her into his house, another playmate saw defendant pushing the crying victim out of his house.
Defendant argues that the testimony of the victim's mother cannot support a verdict of guilty of indecent behavior with a juvenile because her testimony about her daughter's complaint is inadmissible hearsay. The state argues, with some authority, that the first complaint of the victim of a sex crime is part of the res gestae of the offense and is admissible substantively, as an exception to the hearsay rule, not simply when it corroborates a victim's testimony. See 6 Wigmore on Evidence, § 1761, p. 246 (Chadbourn Edition 1976); McCormick on Evidence, § 297, p. 709 (Cleary Edition 1972); 2 Wharton's Criminal Evidence, Charles Torcia (ed.) 1972, § 300, p. 84; 2 Jones on Evidence, Gard (ed.) 1972, § 10:14, p. 288.
We find it unnecessary to decide whether the child's statement to her mother is admissible as part of the res gestae of the offense, because defendant made no objection whatever to the mother's testimony at trial. C.Cr.P. art. 841. Having failed to object to the mother's testimony at trial, appellant cannot complain about the admissibility of the state's evidence in this Court. State v. Arnold, 367 So.2d 324 (La.1979). Ordinarily if hearsay evidence is admitted without objection, it becomes substantive evidence and may be used by the trier of fact to the extent of any probative or persuasive power that it has. McCormick on Evidence, § 54, p. 125 (Cleary Edition 1972); 2 Wharton's Criminal Evidence, Charles Torcia (ed.) 1972, § 273, p. 22; 79 A.L.R.2d 890-975. But see Germany v. State, 235 Ga. 836, 221 S.E.2d 817 (1976); Lumpkin v. State, 524 S.W.2d 302 (Tex.Cr.1975).
In State v. Allien, 366 So.2d 1308 (La. 1978) we were confronted with an unusual case where the general rule that unobjected to hearsay is substantive evidence did not apply. In Allien, id., we held in the context of impeaching evidence consisting of prior inconsistent statements that unobjected to hearsay which is the exclusive evidence of a defendant's guilt or of an essential element thereof, and where the hearsay statements are recanted at trial by the out-of-court declarants, is no evidence at all. We are satisfied that defendant's case does not fall within the narrow exception to the above stated rule that we recognized in Allien.[3]
Assignment of Error No. 2
Defendant's second assignment of error is that the trial court erred in excluding the *777 testimony of a defense witness on the grounds that the witness had violated the trial court's sequestration order.
During its case in chief the defense recalled the victim's mother to question her about a possible civil suit against defendant and about an allegation that the mother offered five dollars to the victim in return for her testimony. When Ms. Butler denied making the offer, the defense called Albertine Neveaux in order to impeach the testimony of Ms. Butler. Counsel for the state objected to Ms. Neveaux's testifying on the grounds that the witness had been present in the courtroom during trial in violation of the court's sequestration order.
Defense counsel indicated that he had planned to use Ms. Neveaux as a witness and that he had intended that she be sequestered. When the trial court questioned defense counsel as to the purpose of Ms. Neveaux's testimony, the defense counsel stated that Ms. Neveaux would be used to impeach Ms. Butler's testimony. The court then learned from the captain of the deputies that Ms. Neveaux had been asked by him if she were going to be a witness in defendant's trial and that she had told him, "No." The trial court then concluded that the witness was "stubborn and arbitrary" and therefore would not be allowed to testify. Thereafter, defense counsel submitted its case without objecting to the court's ruling excluding Ms. Neveaux as a witness.
The state contends that defendant waived his right to appeal on this basis by failing to make a contemporaneous objection to the court's ruling. C.Cr.P. art. 841. We disagree. The contemporaneous objection rule, now stated in C.Cr.P. art. 841, did away with the requirement that a party file formal bills of exceptions and states: "It is sufficient that a party ... makes known to the court the action which he desires the court to take ..." The trial judge here was fully cognizant that defendant was asking that Ms. Neveaux be allowed to testify.
In any event we do not conclude that the trial court committed reversible error in refusing to permit Ms. Neveaux to testify.
C.Cr.P. art. 764 grants the trial court authority to order witnesses excluded from the courtroom to prevent their being influenced by testimony of prior witnesses and to strengthen the role of cross-examination in developing the facts. State v. Wilson, 360 So.2d 166 (La.1978); State v. Mullins, 353 So.2d 243 (La.1977). This provision allows the trial court to disqualify a witness when the sequestration rule has been violated. State v. Mullins, id. The trial judge's ruling will not be disturbed on appeal absent a clear showing of abuse of discretion. State v. Wilson, supra; State v. Calloway, 343 So.2d 694 (La.1976).
C.Cr.P. art. 764 notwithstanding, there are constitutional limitations on the trial judge's exercise of his discretion to disqualify witnesses from testifying. Sixth Amendment, United States Constitution, Article I, Section 16, Louisiana Constitution; State v. Jones, 354 So.2d 530 (La. 1978). Article I, Section 16 of the Louisiana Constitution guarantees an accused the right to compel the attendance of witnesses and to present a defense. The Sixth Amendment to the United States Constitution provides that a defendant has the right to have compulsory process for obtaining witnesses in his favor. Washington v. Texas, 338 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967).
In Holder v. United States, 150 U.S. 91, 14 S.Ct. 10, 37 L.Ed. 1010 (1893) the Supreme Court held that although the general rule is that a witness may not be disqualified for disobeying a sequestration rule, the trial court may under "particular circumstances" exclude a disobeying witness. The federal courts have generally followed the rule enunciated in United States v. Schaefer, 299 F.2d 625, 631 (7th Cir. 1962) cert. den. 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962), that exclusion is not proper unless *778 the witness was present with the consent, connivance, or knowledge of the defendant or his attorney. Accord Taylor v. United States, 388 F.2d 786 (9 Cir. 1967); United States v. Kiliyan, 456 F.2d 555 (8 Cir. 1972); Braswell v. Wainwright, 463 F.2d 1148 (5 Cir. 1972); Barnard v. Henderson, 514 F.2d 744 (5 Cir. 1975).
However, not every erroneous exclusion of disobeying witnesses is reversible error. If the testimony is not relevant or material to the defendant's case then the defendant has not been prejudiced by the court's ruling.[4]Taylor v. United States, 388 F.2d at 789.
In the case at bar there is no showing that the excluded witness violated the sequestration order with the consent, connivance, or knowledge of defense counsel or defendant. With respect to the materiality and relevance of the witness' testimony, apparently the only impeaching matter as to which Ms. Neveaux was to testify was whether Ms. Butler had shortly before trial in the rear of the courtroom offered her four year old daughter five dollars to testify.[5]
This matter was relevant to the case in that it bore upon the mother's general credibility and may have been particularly relevant because Ms. Butler had a potential civil suit against defendant and thus had an unusual stake in the outcome of this criminal trial. But offering candy or money to a nervous or frightened four year old to testify in a courtroom is not equivalent to offering an adult money or other inducement to be a witness.
The trial judge (and this was a judge trial not a jury trial) was certainly made aware that the child's mother (and father) had a more than passing interest in seeing defendant convicted inasmuch as she had an interest in pursuing a civil suit against defendant. The partisanship of a mother aggrieved by having her four year old daughter nearly raped was obvious to the trial judge and is not appreciably reinforced by evidence that she may have offered the four year old five dollars to calm her anxieties and induce her cooperation in the courtroom. It is not likely that exclusion of the proffered witness as to the "bribe," as opposed to the admission of that witness' testimony, had any effect upon the trial judge's decision in the case. Under these circumstances the impact of exclusion is so minimal that it does not constitute reversible error, even though the excluded testimony was relevant and material.

Decree
For the foregoing reasons the conviction and sentence of defendant are affirmed.
AFFIRMED.
MARCUS, J., concurs.
DENNIS, J., dissents with reasons.
DENNIS, Justice, dissenting.
Before a defense witness may be excluded the court must find that the violation of the rule of sequestration was with the consent, connivance, procurement or knowledge of the defendant or his attorney. State v. Jones, 354 So.2d 530 (La.1978). There is no evidence of such consent, connivance, *779 procurement or knowledge in this case. Therefore, the witness should have been allowed to testify. The majority holds, however, that the erroneous exclusion of this testimony was harmless because of its minimal impact. I disagree. The evidence sought to be introduced would have been used as a tool to impeach the testimony of Mrs. Butler on the question of her offer of money to her daughter to testify. While such an issue may be thought of as peripheral, it takes on special importance in this case where the bulk of the state's evidence was hearsay and a large portion of that offered by Mrs. Butler. Therefore, I believe that the testimony which would have been given by Ms. Neveaux was material and that its exclusion should not have been dismissed as harmless error.
NOTES
[*] Honorable EDWIN W. EDWARDS participated in this decision as an Associate Justice Pro Tempore.
[1] R.S. 15:438 provides:

"The rule as to circumstantial evidence is: assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence."
[2] Although this Court in State v. Mathews, supra, and State v. Abercrombie, supra, suggested in dicta that it would follow Jackson, following those cases the Court has been less than explicit about which standard applies to this Court's review on direct appeal. It remains for future cases for this Court squarely to confront the question of whether it will follow Jackson or persist in the "no evidence" standard of review.
[3] In Allien two young girls found in possession of marijuana told two policemen that they had obtained the marijuana from defendant. At trial both girls testified that defendant had not given or sold the marijuana to either of them and denied the truthfulness of their previous statements. The court found that the girls were hostile witnesses and allowed the state to impeach them with the prior inconsistent statements, which implicated defendant. R.S. 15:487.

Defendant did not object to the use of the hearsay impeaching statements and we held that defendant did not concede the substantive use of the statements because an objection would not have caused the exclusion of the prior statements. An objection to the admission of the hearsay statements would at most have prompted an admonition from the judge that they could only be considered for purposes of impeachment. The impeaching hearsay statements could be used to prove that the girls were not credible and their in-court testimony should not be believed, but they could not be used to prove that the substance of their prior out-of-court statements was true. Allien, 366 So.2d at 1311.
[4] In Jones, supra, where defendant complained of a judge's disqualifying a defense witness who violated a sequestration order, we remanded the case to the trial court with instruction to hold a hearing to determine whether the defense witness' violation of the sequestration order was with the consent, connivance, or knowledge of the defendant or his attorney and whether the proffered testimony was material or relevant to the defendant's case. State v. Jones, 354 So.2d at 532.
[5] Our reading of the transcript indicates that it was reasonable for the trial judge to conclude that only the alleged offer of five dollars to Kareisha was the impeachment material at issue. If the exclusion of other evidence was involved, defense counsel should have alerted the trial judge to this fact.

Significantly, the trial judge did not order the witness excluded immediately upon learning of the sequestration violation. He attempted to learn the importance of Ms. Neveaux's testimony and excluded her only after learning that Ms. Neveaux was apparently going to be used for the sole purpose of impeaching Ms. Butler about the alleged five dollar offer.