**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arthur HOBBS, Defendant–Appellant.**

No. 93–50247.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1994.

Decided Aug. 9, 1994.

Callie A. Glanton, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellant.

Daniel P. Collins, Asst. U.S. Atty., Los Angeles, CA, for plaintiff-appellee.

Before: BROWNING and FLETCHER, Circuit Judges and FITZGERALD,* District Judge.

## OPINION

FLETCHER, Circuit Judge:

Arthur Hobbs appeals his conviction based on a conditional guilty plea for possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). Hobbs contends that the district court abused its discretion by precluding two defense witnesses from testifying at a suppression hearing after the witnesses violated a witness sequestration order. We have jurisdiction and we reverse.

I

Arthur Hobbs was arrested on the night of August 18, 1992 at a Los Angeles Amtrak train station. At this time, police officers searched his luggage and found a package containing what was subsequently determined to be cocaine. According to the government, Hobbs gave his consent to the search of his luggage after a brief, non-coercive conversation with the officers and was not handcuffed or under arrest at the time of the search. To the contrary, Hobbs claims that the officers searched his luggage without his consent and only after they had already grabbed him and handcuffed him.

On September 1, 1992, Hobbs was indicted for possession with intent to distribute a controlled substance. Hobbs filed a motion to suppress, asserting that the warrantless search of his luggage violated the Fourth Amendment and that all evidence seized as a result of the search should be suppressed. The government responded that the search of the luggage was reasonable under the Fourth Amendment because it was consensual.

The district court held an evidentiary hearing on this motion on November 16, 1992. At the beginning of the hearing, defense counsel requested an order excluding witnesses from the courtroom so that they could not hear the testimony of other witnesses. See Fed.R.Evid. 615. The motion was granted.

At the evidentiary hearing, DEA Agent John Hudock, one of the officers who participated in the arrest, testified first. Defense counsel cross-examined Hudock and, shortly after government counsel began its redirect examination, defense counsel pointed out to the judge that two defense witnesses, Gloria Tolbert and Jessica Purcell, had entered the courtroom:

> MS. GLANTON: Your Honor, I would just like to state two of my witnesses have come in the courtroom. May I have a moment. You have ordered that they be excluded.
>
> THE COURT: They've been sitting here all along; they cannot testify now. You should have known better.

R.T. 11/16/92 at 19. Counsel did not object to this ruling at this time. The witnesses remained in the courtroom until, during the government's cross-examination of Hobbs, one of them was ejected for sleeping. At the end of the hearing, the district court denied the motion to suppress, stating that it found Hobbs's statements to be not credible.

Four days later, Hobbs filed a motion to reconsider the decision to exclude the witnesses from testifying and to reopen the evidentiary hearing. Attached to the motion was a declaration prepared by defense counsel, which stated that Tolbert and Purcell experienced transportation difficulties on the

---

* Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

morning of the evidentiary hearing and that they were instructed to go to the Public Defender's Office when they arrived, whereupon a staff member would bring them to the witness room. Tolbert and Purcell were unaware of the court's sequestration order and defense counsel was unaware that Tolbert and Purcell had entered the courtroom. The declaration also stated that Tolbert and Purcell were with Hobbs on the night of the arrest and that if permitted to testify, would have testified that they did not hear Hobbs consent to the search of his luggage and that the officers handcuffed Hobbs before searching his luggage.

The district court denied Hobbs's motion for reconsideration on the grounds that the proffered testimony would not affect the credibility findings made by the court in the previous hearing.[1]

On November 24, 1992, Hobbs entered a conditional guilty plea, reserving his right to appeal the denial of his motion to suppress and his motion for reconsideration. He was sentenced to 120 months imprisonment.

## II

▮ We first address whether the district court erred in disqualifying defendant's witnesses from testifying at the suppression hearing. The court's determination of the appropriate sanction for the violation of a witness sequestration order is generally reviewed for abuse of discretion. *United States v. Avila–Macias,* 577 F.2d 1384, 1389 (9th Cir.1978). However, because the defendant failed to make a contemporaneous objection to the sanction imposed, we must review the district court's original order excluding the witnesses for plain error. Fed. R.Crim.P. 52(b). "A plain error is a highly prejudicial error affecting substantial rights." *United States v. Dischner,* 974 F.2d 1502, 1515 (9th Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1290, 122 L.Ed.2d 682 (1993) (internal quotations omitted).

▮ Federal Rule of Evidence 615 provides, in relevant part, that, "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses." This process serves both to reduce the danger that a witness's testimony will be influenced by hearing the testimony of other witnesses, and to increase the likelihood that the witness's testimony will be based on her own recollections. *Perry v. Leeke,* 488 U.S. 272, 281–82, 109 S.Ct. 594, 600–01, 102 L.Ed.2d 624 (1989); 3 Jack B. Weinstein & Margaret A. Berger, 3 *Weinstein's Evidence,* ¶ 615[01], at 615–1 (1994).

As the government correctly notes, the Supreme Court has recognized three sanctions for the violation of a sequestration order: (1) holding the offending witness in contempt; (2) permitting cross-examination concerning the violation; and (3) precluding the witness from testifying. *E.g., Holder v. United States,* 150 U.S. 91, 92, 14 S.Ct. 10, 11, 37 L.Ed. 1010 (1893). The Court has also recognized that the decision to forbid a witness who has violated a sequestration order from testifying is a decision that is generally well within the court's discretion. The government thus urges that the district court's sanction in this case was appropriate.

Our analysis, however, is not that simple. Although the Supreme Court has recognized that a district court may disqualify a witness who violates a sequestration order, it has also warned that this sanction should not be imposed lightly:

> If a witness disobeys the order of withdrawal, while he may be proceeded against for contempt and his testimony is open to comment to the jury by reason of his conduct, he is not thereby disqualified, and the weight of the authority is that he cannot be excluded on that ground merely, although the right to exclude under particular circumstances may be supported as within the sound discretion of the trial court.

*Id.*

Although the Court has indicated that the disqualification of a witness is a sanction that is to be used sparingly, it has not spelled out

---

1. The government filed a motion opposing reconsideration, which included a declaration that contradicted defense counsel's assertions that

Purcell and Tolbert arrived at the hearing late. The district court did not rely on this declaration when it denied the motion for reconsideration.

what "particular circumstances" support such a sanction. Our circuit has interpreted *Holder* as holding that it is usually an abuse of discretion to disqualify such a witness "unless the defendant or his counsel have somehow cooperated in the violation of the order." *United States v. Torbert*, 496 F.2d 154, 158 (9th Cir.), *cert. denied*, 419 U.S. 857, 95 S.Ct. 105, 42 L.Ed.2d 91 (1974); *United States v. Oropeza*, 564 F.2d 316, 326 (9th Cir.1977) ("A witness is not disqualified merely because he remains in the courtroom after a sequestration order."), *cert. denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978); *Taylor v. United States*, 388 F.2d 786, 788 (9th Cir.1967); *see also United States v. Gibson*, 675 F.2d 825, 836 (6th Cir.1982) (" '[P]articular circumstances' sufficient to justify exclusion of a witness are indications that the witness has remained in court with the 'consent, connivance, procurement or knowledge' of the party seeking testimony."), *cert. denied*, 459 U.S. 972, 103 S.Ct. 305, 74 L.Ed.2d 285 (1982); *Braswell v. Wainwright*, 463 F.2d 1148, 1152–53 (5th Cir. 1972); *United States v. Schaefer*, 299 F.2d 625, 631 (7th Cir.), *cert. denied*, 370 U.S. 917, 82 S.Ct. 1553, 8 L.Ed.2d 497 (1962).

■ The exclusion of a witness is a strongly disfavored sanction because of the severe consequences it holds for the defendant. In particular, the Supreme Court has long recognized that "[t]he right to offer the testimony of witnesses ... is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the [fact finder] so it may decide where the truth lies.... This right is a fundamental element of due process of law." *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 1923, 18 L.Ed.2d 1019 (1967). Because of this constitutionally based right of the defendant to present evidence in his favor, disqualification of defense witnesses is too harsh a penalty to impose in the absence of misbehavior by the defendant or his counsel. *Braswell*, 463 F.2d at 1157; *Taylor*, 388 F.2d at 788 (" '[S]pecial circumstances' justifying ... [a] refusal should ... tend to make the litigant a party to and justly subject to sanction for the witness's disobedience."); *see also Torbert*, 496 F.2d at 158 (disqualification appropriate where a dis-crepancy develops between testimony of defendant and of codefendant and defendant then deliberately violates sequestration order by reciting his version of the facts to a potential witness).

When determining whether the disqualification of a defense witness constitutes an abuse of discretion, some courts have also considered whether the excluded witness's testimony would have been cumulative to the testimony or evidence presented by other witnesses. *See Avila–Macias*, 577 F.2d at 1389; *see also United States v. Perry*, 815 F.2d 1100, 1105–06 (7th Cir.1987). Thus, in *Avila–Macias*, we upheld a witness disqualification order where we found that the disqualified witness's testimony would have been cumulative to that of another defense witness and where it would have been of limited relevance because the witness would have testified to the condition of the crime scene several months after the incident. In contrast, courts have generally concluded that disqualification is an abuse of discretion when the excluded witness is the sole witness to corroborate the defendant's defense. *E.g., Gibson*, 675 F.2d at 836 n. 6; *Braswell*, 463 F.2d at 1155–57.

■ In this case, the court's order excluding the defense witnesses from testifying was erroneous because there was no evidence before the court at the time it made its ruling either that Hobbs or his counsel had knowledge of or had consented to the witnesses' presence in the courtroom or that the witnesses were aware of the sequestration order. The witnesses entered the courtroom after the proceedings had begun and while defense counsel was cross-examining Agent Hudock. At this time defense counsel had her back to the spectators and was unaware of the witnesses' presence. As a general matter, we easily can imagine a situation where a prospective witness becomes confused and enters the courtroom late, when counsel is busy and may be unaware that a witness has entered the room. *See* Weinstein & Berger, 3 *Weinstein's Evidence*, ¶ 615[03], at 615–29. In this case counsel notified the court of the witnesses' presence as soon as she became aware of it.

Not only was there no evidence before the district court that defense counsel had acquiesced in the witnesses' violation, we are also influenced by the fact that the witnesses' testimony was crucial to Hobbs's presentation of his case. Contrary to the government's assertions, the testimony was neither cumulative nor irrelevant. Tolbert and Purcell were with Hobbs during the arrest and were therefore the only parties who could corroborate Hobbs's description of the events in question. Their testimony was also directly relevant to the central issue of the suppression hearing: whether the search of the luggage was consensual. Resolution of this question turned on which party's version of the facts the court believed.[2] This case is therefore unlike those cases in which we have affirmed the disqualification of witnesses on the grounds that the proffered testimony was both irrelevant and cumulative. *See Avila–Macias,* 577 F.2d at 1389; *see also Rowan v. Owens,* 752 F.2d 1186, 1191 (7th Cir.1984), *cert. denied,* 476 U.S. 1140, 106 S.Ct. 2245, 90 L.Ed.2d 691 (1986).

In light of these considerations, we conclude not only that the district court's disqualification of the defense witnesses was erroneous, but also that it constituted plain error. The disqualification of Tolbert and Purcell implicates Hobbs's constitutional right to present evidence in his favor. In a case such as this where the parties present conflicting, mutually-exclusive stories, the defendant's right to have a witness corroborate his story is even more substantial.

The government relies on the fact that the district court found Hobbs's testimony to be not credible and suggests that the court's decision is not plain error because Tolbert's and Purcell's testimony would not have altered that determination. This assertion misses the point, however: we cannot know whether the witnesses' testimony would have affected the court's determination because they were not permitted to testify. Because Purcell and Tolbert would have testified on Hobbs's behalf, their testimony was critical to persuading the fact finder that Hobbs's version of the facts was truthful. We therefore conclude that the court's original order disqualifying the witnesses constitutes plain error. *Cf. Taylor,* 388 F.2d at 789; *Schaefer,* 299 F.2d at 631–32; *see also Gibson,* 675 F.2d at 836.

III

■ Having determined that the district court's original decision to disqualify the witnesses was erroneous, we must also consider the propriety of the court's denial of the motion to reconsider and to reopen the hearing. We review this order for abuse of discretion, *United States v. Buffington,* 815 F.2d 1292, 1298 (9th Cir.1987), and conclude that the court did, in fact, abuse its discretion.

In reaching this conclusion, we note that the same considerations discussed above are again relevant. That is, we must consider factors such as whether counsel was aware of and consented to the witnesses' violation of the sequestration order, the degree of prejudice resulting from the disqualification, the relevance of the proffered testimony, and whether the proffered testimony was cumulative or corroborative. During the time period between the court's original decision disqualifying the witnesses and its subsequent order declining to reconsider the original ruling, several new issues became relevant.

First, after the initial hearing, both Hobbs and the government provided the court with conflicting declarations regarding whether counsel and the witnesses were aware of the

2. The government suggests that we may not consider the fact that Purcell and Tolbert were the only corroborating witnesses because this evidence was not before the district court at this time. Specifically, the government suggests that this evidence was not before the court until four days later, when defense counsel made an offer of proof concerning the two witnesses' testimony. The government fails to recognize, however, that the record included the declarations of Agent Hudock and Police Officer Herb Maples, which stated that Tolbert and Purcell were with Hobbs on the evening of the arrest. The record also contained Hobbs's declaration and motion to suppress which stated that the search was not consensual. The record thus reflected that Tolbert's and Purcell's testimony would have been relevant and material because they could comment upon the discrepancy in the declarations of the arresting officers and Hobbs. *See Schaefer,* 299 F.2d at 631–32.

sequestration order. Hobbs's counsel submitted a declaration which stated that the witnesses were unaware of the sequestration order, arrived at court late due to transportation difficulties, and wandered into the courtroom without counsel's knowledge. The government's declaration stated that the witnesses had been seen at the courthouse before the hearing started and that they were warned by a police officer who was a witness for the government that they should not enter the courtroom. The district court thus had evidence before it regarding whether the witnesses entered the courtroom with defense counsel's "consent, connivance, procurement or knowledge." *See e.g., Schaefer,* 299 F.2d at 631.

Unfortunately, the district court did not make findings of fact with respect to whether the witnesses were aware of the sequestration order and knowingly violated it. Even if the witnesses were advised by an officer that they should not enter the courtroom, however, nothing in the government's declaration suggests that either defense counsel or Hobbs was aware of or involved in the violation. As we have previously noted, disqualification of witnesses is generally appropriate only when the witness was in court with the consent or knowledge of the appellant or his counsel. *E.g., Torbert,* 496 F.2d at 158; *Braswell,* 463 F.2d at 1152–53; *Taylor,* 388 F.2d at 788; *Schaefer,* 299 F.2d at 631.

The second new issue arises because Tolbert and Purcell remained in the courtroom after the district court disqualified them from testifying. They were therefore exposed not only to agent Hudock's testimony, but also to the testimony of Los Angeles Police Officer Herb Maples—one of the arresting officers—and Hobbs. This additional exposure increased the opportunity for both witnesses to tailor their testimony.

Although this consideration makes our decision more difficult, we conclude that the court's denial of the motion to reconsider was an abuse of discretion and was prejudicial. In denying this motion, the court relied only on the rationale that its previous credibility determination would not be altered by the testimony of the witnesses. Such a de-

termination, by *assuming* that evidence not before the court will not be persuasive, in effect deprived Hobbs of his constitutional right to present his defense to the judge. Particularly in a case such as this, where the proffered testimony is directly relevant to the motion to suppress and is the *only* evidence to corroborate Hobbs's version of the facts, the disqualification of the witnesses was too harsh a penalty for a violation which was not intentional.

## IV

We hold that the district court's original order excluding the testimony of the two defense witnesses constitutes plain error and that the order denying the motion to reconsider the exclusion order and to reopen the hearing was an abuse of discretion. We reverse the district court's orders, vacate the judgment of conviction, and remand for the district court to hold a new suppression hearing and to hear the testimony of the two excluded witnesses.

**JUDGMENT VACATED. REVERSED AND REMANDED.**