46 F.3d 1148
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rafael SALAS-VASQUEZ, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Cesar RODRIGUEZ VASQUEZ, Defendant-Appellant.
 Nos. 94-50239, 94-50243.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 11, 1995.*
Decided Jan. 23, 1995.
 
 Before: WALLACE, Chief Judge, HALL and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated cases, Cesar Rodriguez Vasquez and Rafael Salas-Vasquez appeal their convictions, which followed conditional pleas of guilty to possession of false identification documents in violation of 18 U.S.C. Sec. 1028(a)(3). Appellants claim the district court denied them due process by ruling on their suppression motion without viewing a photograph the government had attached to its opposition. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 We review de novo the district court's determination of the legality of an arrest, and we uphold the district court's findings of fact unless they are clearly erroneous. United States v. Tarazon, 989 F.2d 1045, 1048 (9th Cir.), cert. denied, 114 S.Ct. 155 (1993).
 
 
 4
 Agents of the Immigration and Naturalization Service (INS) arrested appellants in a Los Angeles hotel room when, in response to the agents' knock, appellants opened the door, revealing "fragments of counterfeit documents and the implements used to make counterfeit documents" inside the room. Later, appellants made incriminating statements, and a search of the room revealed birth certificates, social security cards, and INS forms, as well as typewriters, cutters, plastic, and a laminating machine.
 
 
 5
 Appellants moved to suppress the statements and evidence as fruits of an arrest based on less than probable cause. Appellants claimed the agents could not have seen from the doorway evidence sufficient to warrant their arrest. The government opposed the motion, attaching to its opposition a photograph of the hotel room taken from the doorway on the day appellants were arrested.
 
 
 6
 Appellants claim the court's failure to view the government's photograph served to deny them due process. They liken their situation to that of the defendant in United States v. Hobbs, 31 F.3d 918 (9th Cir.1994). The cases are not similar. In Hobbs, the district court excluded the testimony of defense witnesses to punish their unwitting violation of a sequestration order, a remedy we concluded was too harsh. See id. at 923.
 
 
 7
 Here, the district court viewed the evidence, according to the transcript. Appellants did not offer the government's photograph, the only one at issue, as an exhibit. The district court did not find it necessary to view the photograph in order to evaluate the testimony, so he did not abuse his discretion by not requesting that it be presented to him for examination. Moreover, the district court did not clearly err by finding the agent's testimony credible and sufficient to sustain probable cause. See Tarazon, 989 F.2d at 1048.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3