UNITED STATES of America,
Plaintiff–Appellee,

v.

Gregory Devell WARD, Defendant–Appellant.

No. 00–10487.

D.C. No. CR–00–00008–KJD.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 10, 2001.

Decided Aug. 29, 2001.

Before CANBY, HAWKINS, and GOULD, Circuit Judges.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Although Ward tries to suggest this was a racial profiling stop, it was not the suspects' race that gave rise to the suspicion, but the

## MEMORANDUM *

The district court properly denied defendant Gregory Ward's suppression motion. Las Vegas Metropolitan Police officers responded to a call from an apartment complex manager, a person with whom they had previously worked and knew to be reliable. The apartment manager had personally observed suspicious transactions occurring in the apartment courtyard on a daily basis and was well situated to determine that a group of men gathered in the courtyard were not residents of the complex. On this occasion, the manager had alerted the police that a group of nonresidents were again hanging out in the courtyard, and described the group as young black males with corn rows wearing heavy jackets and dark clothes. Shortly thereafter, responding to the call, police found men meeting the manager's description in the location she had specified.[1] Upon seeing the police, the men began to walk away from the courtyard, behavior the police had witnessed in the past at this location. *See Illinois v. Wardlow,* 528 U.S. 119, 124, 120 S.Ct. 673, 145 L.Ed.2d 570 (2000)(high-crime location not sufficient for reasonable suspicion by itself, but police are "not required to ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation"). Viewed as a whole, the specific facts known to the police in this case, together with reasonable inferences from them, were sufficient to establish a reasonable suspicion that the men were at least trespassing on the property, and it was reasonable for the officers to perform

fact the suspects matched the description supplied by the manager. *See United States v. Kim,* 25 F.3d 1426, 1431 n. 3 (9th Cir.1994) (officers may consider race, height, age, location, etc. in establishing "parallelism between a detained and previously described suspect").

a *Terry* stop in an attempt to ascertain the suspects' identity and purpose for visiting the complex. *See United States v. Michael R.*, 90 F.3d 340, 346 (9th Cir.1996) ("Reasonable suspicion" consists of "specific, articulable facts, which together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity.").

■ The district court did not abuse its discretion by failing to declare a mistrial or disqualify a witness from testifying because a violation of Fed.R.Crim.P. 615 occurred when the prosecutor and two officers discussed the testimony of the officer who had already testified.[2] The court conducted an evidentiary hearing and permitted defense counsel to cross-examine the two officers involved. The court also indicated that Ward's counsel was free to cross-examine the witnesses in front of the jury about the improper conversation. *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir.1994) (permitting cross-examination concerning the violation is permissible sanction for violation of Rule 615). Although the district court may have been within its right to have imposed a more severe sanction for the conduct of the witness and prosecutor, *see United States v. Buchanan*, 787 F.2d 477, 485 (10th Cir. 1986), it was not an abuse of its discretion to decline to do so after carefully exploring the issue.

■ The district court also did not abuse its discretion by bifurcating the felon in possession charge from the other counts rather than severing it altogether, as both procedures have been expressly approved of by this circuit to reduce the prejudice inherent in the felon charge.

*United States v. Nguyen*, 88 F.3d 812, 818 (9th Cir.1996). Bifurcation was appropriate in this case where all the counts arose from the same transaction and were properly listed on a single indictment. Fed. R. Crim P. 8(a).

Nor did the district court abuse its discretion by failing to expressly instruct the jury that Ward had been acquitted on the drug counts. The instruction given was substantially similar to the Ninth Circuit's model jury instruction for the situation, and also similar to instructions this court has previously found to be adequate. See Ninth Circuit Model Jury Instructions (Criminal) 2.12 (1997); *United States v. de Cruz*, 82 F.3d 856, 864 (9th Cir.1996).

■ Finally, Ward was not denied his Sixth Amendment right to counsel when the district court precluded his counsel from arguing in closing that the police had planted the weapon they claimed Ward threw over the fence. This theory had not been advanced by the evidence at trial, and, in fact, Ward had presented evidence on a directly conflicting theory that the gun actually belonged to Ward's friend who had placed the gun in the bushes earlier. The court also indicated Ward's counsel remained free to point out in the closing that the police were the only witnesses who claimed to have seen Ward throw the weapon. There was therefore no constitutional error in the court's ruling.

AFFIRMED.

---

2. Although prejudice is presumed for a violation of Rule 615 when *the court* violates the rule, such as by refusing to issue the exclusion order, when, as here, a witness violates the order and the court determines whether to impose a sanction, review is for abuse of discretion. *United States v. Ell*, 718 F.2d 291, 293 (9th Cir.1983).