**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Nur ALAMIN, Defendant—Appellant.**

No. 01–50278.

D.C. No. CR–00–01001–MLR–01.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 3, 2003.

Decided July 10, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before REINHARDT, O'SCANNLAIN and FISHER, Circuit Judges.

MEMORANDUM *

Appellant Nur Alamin appeals his conviction on two counts of involuntary servitude, in violation of 18 U.S.C. § 1584, two counts of harboring and concealing and illegal alien, in violation of 8 U.S.C. § 1324(a)(1)(A)(III), and one count of conspiracy to commit involuntary servitude and to harbor and conceal an illegal alien, in violation of 18 U.S.C. §§ 371, 1584 and 8 U.S.C. § 1324(a)(1)(III). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The relevant facts are known to the parties and are discussed here briefly and only as necessary.

Alamin contends that the district court violated his due process right to an impartial judge when the court improperly examined 12 out of 16 defense witnesses, while examining none of the government's witnesses. We review the court's examination of witnesses for abuse of discretion. *United States v. Laurins*, 857 F.2d 529, 537 (9th Cir.1988).

"A trial judge is more than an umpire, and may participate in the examination of witnesses to clarify evidence, confine counsel to evidentiary rulings, ensure the orderly presentation of evidence, and prevent undue repetition." *Id.* A trial judge's participation in trial deprives the defendant of a fair trial and justifies reversal if "the record discloses actual bias ... or leaves the reviewing court with an abiding impression that the judge's remarks and questioning of witnesses projected to the jury an appearance of advocacy or partiality." *United States v. Parker*, 241 F.3d 1114, 1119 (9th Cir.2001) (internal quotation marks omitted).

This is a close case, but ultimately we conclude that the district court's questioning of witnesses does not warrant reversal. The court's examination of most of the defense witnesses consisted of questions that clarified earlier testimony and did not reflect bias or incredulity. Although the court's examination of four witnesses—Nashima Chowdhury, Nawshad Azad, Shelly Chowdhury and the defendant himself—included questions that appear improper, as they seem designed to undermine the witnesses' credibility, those questions comprise only a small portion of the trial transcript, and they were relatively interspersed throughout the presentation of the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

defense case. The court did not interrupt, threaten or scold the witnesses, and it waited until Alamin's counsel was finished with his redirect examination before beginning its own questioning. *Compare United States v. Pena–Garcia,* 505 F.2d 964 (9th Cir.1974); *United States v. Saenz,* 134 F.3d 697 (5th Cir.1998). Despite our discomfort with some of the court's questions, the record as a whole does not leave us with an abiding impression that the court's examination of Alamin's witnesses conveyed the appearance of advocacy or partiality. *See Parker,* 241 F.3d at 1119.

We also reject Alamin's challenges to the court's evidentiary rulings, which we review for abuse of discretion. *United States v. Bensimon,* 172 F.3d 1121, 1128 (9th Cir.1999). Despite the court's in limine ruling excluding evidence of Rabiya Akhter's medical condition, the jury heard testimony that (1) Rabiya was seriously ill and required a blood transfusion, (2) she had been hospitalized, (3) Shaefeli Akhtar outweighed her by more than 100 pounds and (4) Shaefeli returned to live with Alamin and Rabiya because of Rabiya's illness. Any additional details about Rabiya's medical condition were irrelevant, and their exclusion was not an abuse of discretion.

The district court also did not abuse its discretion in disqualifying Alamin's son as a sanction for violating the court's sequestration order, as the court found that Alamin had cooperated in the violation. *See United States v. Hobbs,* 31 F.3d 918, 922 (9th Cir.1994). Even if this finding was in error, the exclusion of the witness's testimony was harmless. The jury heard testimony from several witnesses about the relationship between Alamin and Shaefeli, and it is unlikely that the additional testimony of Alamin's young son—who would have been recounting events that occurred when he was between the ages of four and nine years old—would have materially affected the jury's verdict. *See United States v. Seschillie,* 310 F.3d 1208, 1214 (9th Cir.2002).

Finally, we reject Alamin's claim of cumulative error. If the district court erred at all at Alamin's trial, it did so only by excluding the testimony of Alamin's son, and one error is insufficient to trigger a cumulative error analysis. *See United States v. Geston,* 299 F.3d 1130 (9th Cir. 2002)

The judgment of the district court is **AFFIRMED**.

REINHARDT, Circuit Judge, dissenting.

In my view, the manner and substance of the district court's questioning of defense witnesses requires reversal. It is difficult for me to understand how my able colleagues could have concluded, after reading the trial transcript, that the district court's questioning of those witnesses did not "convey[ ] the appearance of advocacy or partiality." Indeed, the majority acknowledges that the judge questioned 12 of the 16 witnesses for the defense and none of the witnesses for the prosecution, and that the court's questioning of at least four defense witnesses "seemed designed to undermine the witnesses' credibility." One of those four was Alamin himself. After Alamin said that he was an accountant, the district court asked him the utterly irrelevant, apparently rhetorical, question, "Do you know that an accountant has to be accurate in what he puts down in the books of any person?" Such a question could have had no purpose other than to signal to the jury the court's belief that Alamin was less than truthful. The court's equally irrelevant questioning as to the place of residence of one of Alamin's children, who was being raised by grandparents, also suggested strongly that it had serious doubts about Alamin's testimony generally. The court's questioning of

three other defense witnesses was of a similar nature. By the time the district judge was through examining the defense witnesses, no perceptive juror could have doubted which side the judge thought was being truthful. In a case, such as this, in which the defense rests on the credibility of the defense witnesses, and particularly on the credibility of the defendant, the type of "questioning" in which the court engaged serves to deprive the defendant of a fair trial. Neither the fact that the district judge waited until the parties finished with the defense witnesses and *then* appeared to take over the prosecution's task of cross-examining them, nor the fact that he conducted his cross-examination politely rather than in a rude manner, undermines this conclusion; in fact, it serves to make the court's insertion of its own personal beliefs into the proceedings all the more damaging. I therefore respectfully dissent.