**Ed AGUILAR, Plaintiff–Appellant,**

v.

**CH2M HILL HANFORD GROUP INC., Defendant–Appellee.**

No. 05–35484.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2007.*

Filed March 5, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

James Michael Kalamon, Paine Hamblen Coffin Brooke & Miller, LLP, Spokane, WA, for Defendant–Appellee.

Before: GRABER, PAEZ, and BEA, Circuit Judges.

## MEMORANDUM **

Appellant Ed Aguilar ("Aguilar") brought discrimination, hostile work environment, and retaliation claims against CH2M Hill Hanford, Inc. ("CH2M") under Title VII and Washington state law. At trial, the jury found in favor of CH2M on all claims. On appeal, Aguilar contends the district court erred by (1) allowing a witness to testify after violating the court's witness exclusion order,[1] and (2) limiting direct examination of an adverse witness as to her bias against Aguilar.[2]

1.

We review for abuse of discretion a district court's decision to permit a witness to testify notwithstanding the violation of a witness exclusion order. *See United States v. English,* 92 F.3d 909, 913 (9th Cir.1996).

Here, the challenged witness complied with the district court's exclusion order by remaining outside the courtroom until after he testified and was excused by

Ed Aguilar, Kennewick, WA, pro se.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. *See* Fed.R.Evid. 615 ("At the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . .").

2. Aguilar alludes to two other issues in his opening brief: a jury instruction and the deni-

al of his motion for a new trial. We "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Laboa v. Calderon,* 224 F.3d 972, 980 n. 6 (9th Cir.2000) (internal quotation marks omitted); *see also* Fed. R.App. P. 28(a)(9)(A). Accordingly, these issues have been waived.

the district court. At that point, he had as much right to be in the courtroom, listening to the proceedings, as any member of the public. The unanticipated need to recall the witness arose only when Aguilar later testified that the witness had referred to him with a racial epithet at work. The witness's rebuttal testimony was limited to this accusation. Under these circumstances, it was not an abuse of discretion for the district court to permit CH2M to recall the witness. *See United States v. Hobbs*, 31 F.3d 918, 922 (9th Cir.1994) (holding "it is usually an abuse of discretion to disqualify such a witness unless the defendant or his counsel [has] somehow cooperated in the violation of the order" (internal quotation marks omitted)).

2.

A trial court's decision to admit or exclude evidence is reviewed for abuse of discretion and will not be reversed in the absence of prejudice. *Watec Co. v. Liu*, 403 F.3d 645, 650 n. 3 (9th Cir.2005).

 Here, Aguilar contends he was prejudiced because the district court prevented him from questioning a witness concerning her bias against him. The rec-

ord, however, establishes that the district court, over CH2M's objection, specifically allowed Aguilar to question the witness as to her bias. Nevertheless, Aguilar contends the district court granted a pretrial motion *in limine* that denied him the opportunity to cross-examine or impeach this witness as to her bias against Aguilar. Contrary to Aguilar's contention, the district court's pretrial ruling prohibited only the introduction of anecdotal evidence of discrimination and evidence of discrimination at Aguilar's work site prior to CH2M taking over as Aguilar's employer. Under that ruling, Aguilar *was* permitted to question the witness as to her personal bias against Aguilar and any acts of national origin discrimination or harassment that she had personal knowledge of that occurred during Aguilar's employment with CH2M.[3] And his counsel did so.

**AFFIRMED.**

**3.** In his reply brief, Aguilar first contends the district court erred by prohibiting inquiry into the racial mix of employees under Aguilar's prior employers, none of whom are co-defendants in this case. Even if this line of inquiry were relevant, Aguilar waived this argument by failing to raise it in his opening brief. *Alaska Ctr. For Env't v. U.S. Forest Serv.*, 189 F.3d 851, 858 n. 4 (9th Cir.1999) (citing *Officers for Justice v. Civil Serv. Comm'n*, 979 F.2d 721, 725–26 (9th Cir.1992)).