### UNITED STATES of America, Plaintiff–Appellee,

v.

### Leslie KIRSCHENMAN, Defendant–Appellant.

### No. 06–10726.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2007.

Filed Jan. 7, 2008.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Peter S. Levitt, Esq., Pamela A. Martin, U.S. Attorney's Office, Las Vegas, NV, for Plaintiff–Appellee.

Jason F. Carr, Esq., Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: BRIGHT [*], FARRIS, and THOMAS, Circuit Judges.

## MEMORANDUM [**]

After the district court denied his motion to suppress statements made following his arrest, Leslie [1] Kirschenman conditionally pled guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). On appeal, he asserts error in two rulings underlying the district court's denial of his motion to suppress. *First,* he argues that the district court erred by holding a second evidentiary hearing and receiving supplemental evidence after the magistrate judge recommended granting his motion to suppress. *Second,* he claims the district court erred by allowing several Government witnesses to testify for the first time at the second hearing allegedly in violation of a sequestering order. We AFFIRM.[2]

### I

We review for an abuse of discretion the district court's decision to consider evidence presented for the first time in objections to a magistrate judge's report and

[*] The Honorable Myron H. Bright, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[1] In the briefs and record filed in this case, Defendant–Appellant's first name is spelled "Lesley." This memorandum spells Defendant–Appellant's first name as filed in his Notice of Appeal on October 23, 2006.

[2] Kirschenman is currently serving a 100-month sentence. As we write solely for the parties, we dispense with a further recitation of the facts or procedural history.

recommendation. *See United States v. Howell*, 231 F.3d 615, 622–23 (9th Cir. 2000).

■ Kirschenman argues that the district court abused its discretion by holding a second evidentiary hearing and allowing the Government to present witnesses that were potentially available at the first hearing. Our precedent forecloses this argument. *See id.* at 621 ("[W]e conclude that a district court *has discretion*, but is not required, to consider evidence presented for the [first] time in a party's objection to a magistrate judge's recommendation.") (emphasis added); *see also* 28 U.S.C. § 636(b)(1) (district court may "receive further evidence" before issuing a ruling on a dispositive motion). Accordingly, the district court did not abuse its discretion by holding a second evidentiary hearing and conducting a *de novo* determination of the magistrate judge's report and recommendation.

## II

■ We review for abuse of discretion the district court's determinations regarding witness sequestering and sanctions for alleged violations of sequestration orders. *See United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir.1994); *United States v. Oropeza*, 564 F.2d 316, 326 (9th Cir.1977).

Kirschenman contends that the district court violated Federal Rule of Evidence 615 ("Rule 615")[3]—the "Rule of Exclusion"—by allowing the Government to present two witnesses who reviewed either the transcript from the first hearing, or the magistrate judge's report, or both. The Government replies simply that this argument lacks either factual or legal foundation.

We have previously held that Rule 615 applies to suppression hearings. *See United States v. Brewer*, 947 F.2d 404, 410 (9th Cir.1991). We have never addressed, however, whether it applies to serial evidentiary hearings. *Cf. United States v. Jimenez*, 780 F.2d 975, 980 n. 7 (11th Cir.1986) (Rule 615 prohibits a prospective witness in second trial from reading testimony from a prior, related trial). And we have never considered whether the rule prohibits a sequestered witness from not only attending the proceedings (e.g., a hearing or trial), but reading transcripts from it. *See id.* (Rule 615 does not distinguish between hearing testimony and reading it); *Marathon Oil Co. v. United States*, 42 Fed.Cl. 267, 269–70 (Fed.Ct.Cl. 1998) (reading of trial transcripts by prospective witnesses violates Rule 615 sequestration order). But assuming, without deciding, that Rule 615 prohibits a prospective witness from reading transcripts of an earlier, related proceeding, and applies to serial proceedings, we hold that the district court did not abuse its discretion by permitting the Government's witnesses to testify.[4]

In *Hobbs*, we reiterated that the Supreme Court has recognized three sanctions for violations of a sequestration order: "(1) holding the offending witness in

---

3. The pertinent language is: "At the request of a party the court *shall* order witnesses excluded so that they cannot *hear* the testimony of other witnesses . . . ." Fed.R.Evid. 615 (emphasis added). Rule 615 contains several exceptions to this rule, none of which are applicable here.

4. Kirschenman argues that the Government's witnesses also violated Rule 615 by reviewing the magistrate judge's report and recommen-

dation. We have located no cases (and the parties cite none) in which any court has held that a witness violates a sequestration order by reviewing a court order. In this case, however, where the magistrate judge's report and recommendation recounts substantial portions of testimony verbatim, we will assume that a witness's reading of the report is materially no different than if the witness had read the transcript of the proceedings.

contempt; (2) permitting cross-examination concerning the violation; and (3) precluding the witness from testifying." 31 F.3d at 921 (citing *Holder v. United States*, 150 U.S. 91, 92, 14 S.Ct. 10, 37 L.Ed. 1010 (1893)). And of these options, precluding a witness from testifying is the disfavored choice. *See id.* at 921–22 (citations omitted).[5] The district court therefore did not abuse its discretion by permitting the Government to present witnesses who had reviewed the transcript from the first evidentiary hearing in circumstances here where Kirschenman had an opportunity to cross-examine them on this fact. *See, e.g.,* ER at 183 (on the possibility of cross-examination).

Kirschenman emphasized repeatedly that several of the Government's witnesses violated the sequestration order. The Assistant United States Attorney also pointedly asked each witness whether he had read (or reviewed) the transcript from the earlier hearing. *See, e.g., id.* at 193. Thus, in evaluating the credibility of the Government's witnesses, the district court was fully aware that several of them had read the transcript from the prior hearing. The district court was free to believe or disbelieve their testimony; that it found the Government's witnesses credible after considering all of the evidence in the record does not constitute error in this case.

### III

For the reasons stated, we **AFFIRM** Kirschenman's conviction and the district court's denial of his motion to suppress.

---

**5.** While we have observed that district courts should use the sanction of witness disqualification sparingly, this issue often arises in the context of dismissing a defendant's witness. There the consequences for dismissing a potential witness are much greater because it may interfere with the defendant's constitutional right to put on a defense. *See Hobbs,* 31 F.3d at 922.