NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA,
*Appellee,*

*v.*

JOSE C. ZARATE,
*Appellant.*

No. 1 CA-CR 15-0145
FILED 2-4-2016

Appeal from the Superior Court in Maricopa County
No. CR2013-002420-001
The Honorable Pamela S. Gates, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Nicole Farnum, Phoenix
By Nicole T. Farnum
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Maurice Portley joined.

**O R O Z C O,** Judge:

¶1 Jose C. Zarate (Defendant) appeals his convictions for manslaughter, a class 2 dangerous felony; disorderly conduct, a class 6 dangerous felony; misconduct involving weapons, a class 4 felony, and three counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 On April 1, 2013 E.C. witnessed Defendant shoot M.S. Approximately one hour after the shooting, E.C. was interviewed by Maricopa County Sheriff's Detective A. Felix. The interview was tape recorded and transcribed. Detective Felix summarized E.C.'s interview in a report which stated, "as [M.S.] *lunged* at [Defendant] to hit him in the face with her fist [Defendant] raised his rifle and shot [M.S.] once in the chest." (Emphasis added).

¶3 At trial, the court read the rule of exclusion of witnesses.[1] E.C. testified that immediately before the shooting, M.S. "was going to hit [Defendant], like, they were going to rage, like, she was going to punch him. And that's when [Defendant] just like shot." On cross examination, defense counsel asked E.C.:

> Q: And you agree you told the detective [on the night of the shooting], regardless of what you may have said here today, you told Detective Felix that night . . . that [M.S.] tried to hit [Defendant] in the face. She *lunged* at him in order to do so. And it was after she did that that [Defendant] shot her; correct?
>
> A: Yes, I did say that.

---

[1] *See* Ariz. R. Evid. 615.

(Emphasis added). However, E.C. was hesitant with the word choice, stating, "I said lunge? I don't usually use the word lunge." On re-direct examination, E.C. testified that she had listened to her taped interview with Detective Felix and reviewed the transcript. Afterwards, she testified that she never used the word "lunged" during her interview.

**¶4** Later at trial, Detective Felix testified that his report merely summarized E.C.'s interview and he confirmed that E.C. did not use the word "lunged." Detective Felix explained that he uses the word "lunge" to describe "a movement, moving forward, a motion, advancing," or it could mean "taking steps forward," "jerking forward," or "[a]ny type of forward motion."

**¶5** On cross-examination, Detective Felix revealed that before his testimony, the prosecutor informed him of the discrepancy between E.C.'s taped interview and his usage of the word "lunged" in his report. He testified that the prosecutor told him specific facts or details from E.C.'s testimony, but that he could not remember exactly what they discussed. When the court asked the prosecutor whether she told Detective Felix what E.C. testified to, the prosecutor responded, "I do believe we did describe the lunging . . . portion of her testimony."

**¶6** Defendant then moved for a mistrial. After ordering briefing and holding a hearing on the issue, the trial court ruled that the prosecutor's decision to "overtly inform [Detective] Felix of certain details of [E.C.'s] testimony [was] a violation of Rule 615." But because defense counsel questioned Detective Felix on cross-examination in front of the jury and outside the presence of the jury, the court found "no evidence to suggest that Defendant was prejudiced by the [prosecutor's] conduct or that [Detective] Felix's testimony was influenced by the information provided to him by the [prosecutor]."

**¶7** A jury found Defendant guilty of manslaughter, a class 2 dangerous felony; disorderly conduct, a class 6 dangerous felony; misconduct involving weapons, a class 4 felony, and three Counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children. Defendant timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and Arizona Revised Statutes (A.R.S.) sections 12-120.21.A.1, 13-4031, and -4033.A.1 (West 2015).[2]

---

[2] We cite the current version of applicable statutes when no revisions material to this decision have since occurred.

**DISCUSSION**

¶8        On appeal, Defendant argues that his convictions should be reversed because the trial court should have declared a mistrial after ruling that the prosecutor violated Rule 615.  We review the trial court's denial of a mistrial for abuse of discretion.  *See State v. Adamson*, 136 Ariz. 250, 260 (1983). Declaring a mistrial is the "most dramatic remedy for trial error and should be granted only when it appears that justice will be thwarted unless the jury is discharged and a new trial granted." *Id.* at 262.

¶9        Arizona Rule of Evidence 615 provides that "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony."[3]  Arizona's Rule 615 has been amended to conform to Federal Rule of Evidence 615.  Ariz. R. Evid. 615 cmt. to 2012 amendment.  Therefore, we will refer to federal case law to analyze construction and application of Rule 615.

¶10        The purpose of Rule 615 is to prevent "fabrication, inaccuracy, and collusion." Fed. R. Evid. 615 advisory committee's note to 1972 proposed rules.  Although Rule 615 only expressly excludes prospective witnesses from the courtroom, federal courts have not countenanced circumvention of the rule.  "Counsel know, and are responsible to the court, not to cause any indirect violation of [Rule 615] by themselves discussing what has occurred in the courtroom with the witnesses." *United States v. Buchanan*, 787 F.2d 477, 485 (10th Cir. 1986); *see also United States v. Jimenez*, 780 F.2d 975, 980 (11th Cir. 1986) (finding violation of Rule 615 when, before testifying, one witness read the testimony of another witness from a prior mistrial); *United States v. Blasco*, 702 F.2d 1315, 1326 (11th Cir. 1983) (during an overnight recess, the prosecutor met with two witnesses in violation of sequestration order).

¶11        We assume without deciding that the trial court correctly determined that the prosecutor's conduct violated Rule 615.  To remedy a violation of Rule 615, a trial court has several options, including holding the offending witness in contempt, allowing questioning regarding the violation, or precluding the witness from testifying. *United States v. Hobbs*, 31 F.3d 918, 921 (9th Cir. 1994).  Defendant argues that the only meaningful remedy was a mistrial, because Detective Felix's testimony would have

---

3        The record does not indicate which party invoked Rule 615, or whether the court acted sua sponte.  However, neither party contests the propriety of the invocation of Rule 615.

benefitted the defense, but was changed as "a direct result of the prosecutor's violation of Rule 615."

**¶12** Contrary to Defendant's argument, the trial court properly remedied the prosecutor's misconduct by permitting questioning on cross-examination of Detective Felix both in front of the jury and outside the presence of the jury. *See id.* The court offered Defendant further opportunity to cross-examine Detective Felix in the presence of the jury, but he declined. Also, there was no question that M.C. went toward Defendant to try to hit him. Whether she "lunged" or leaned forward, the idea was conveyed that M.C. intended to hit Defendant before he shot her. Defendant does not contend that the prosecutor should have been held in contempt, or that Detective Felix's testimony should have been excluded.

**¶13** Under those circumstances, it was not an abuse of discretion to deny Defendant's motion for mistrial. *See United States v. Ward*, 18 Fed.Appx. 502, 504 (9th Cir. 2001) (affirming denial of mistrial despite prosecutor's improper conversation with witness because court permitted defense counsel to cross-examine the witness regarding the improper conversation); *United States v. Lee*, 800 F.2d 903, 904 (9th Cir. 1986) (affirming denial of mistrial when prosecutor's assistant improperly communicated with witnesses in violation of the witness exclusion rule, because such conduct did not cause prejudice).

**CONCLUSION**

**¶14** For the foregoing reasons, we affirm Defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED: ama